FILED & JUDGMENT ENTERED
Steven T. Salata

August 21 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

IN RE:
ANTHONY JOSEPH GRIER
            DEBTOR

CASE NO. 18-30555
CHAPTER 13

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF PLAN

**THIS MATTER** coming on to be heard upon the Objection to Confirmation of Chapter 13 Plan filed by U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-RF6 ("Creditor") and the Court having reviewed the record in the case and the consent of counsel appearing below, finds and concludes as follows:

    1. On April 12, 2018 (hereinafter, the "Petition Date"), Anthony Joseph Grier (herein, the "Debtor") filed a petition with the Bankruptcy Court for the Western District of North Carolina under Chapter 13 of Title 11 of the United States Code (herein, the "Code").

    2. As of the Petition Date, Creditor was holder of a secured claim based upon the following:

    a. That certain Promissory Note secured by the Deed of Trust from the Debtor in the original principal amount of $70,800.00 and dated June 12, 1995 (hereinafter "Note").

    b. That certain Deed of Trust recorded in the DeKalb County Register of Deeds in Book 8640 at Page 574 and recorded on August 3, 1995 (hereinafter "Deed of Trust") by which all amounts owed under the Note are secured by that certain real property described therein and located at 843 Arbor Hill Dr., Stone Mountain, GA 30088. (herein, the "Real Property").

3. On or about June 20, 2018 Creditor filed a Proof of Claim docketed as Court Claim No. 4 indicating a secured claim amount of $34,119.96 as of the Petition Date (herein, the "Claim").

4. On or about April 27, 2018, the Chapter 13 Plan (10) was filed. Subsequently on June 1, 2018, the Amended Chapter 13 Plan (15) (hereinafter, the "Proposed Plan") was filed.

5. On or about June 28, 2018, Creditor filed an objection to confirmation of the Proposed Plan due to the proposed treatment to give the Debtor two years to sell the property.

6. Creditor and the Debtor have conferred and agreed that the Debtor is going to attempt to sell the property over the two next years. During those two years, the Debtor will continue to make ongoing monthly contractual payments directly to the Creditor. Further, the Debtor will continue to make monthly plan payments to the Trustee and the trustee will make disbursements on the pre-petition arrearage, as provided for in the filed Proof of Claim. Lastly, the trustee will also disburse on the subsequently filed Post-Petition Fee and Expense and pay said claim through the Debtor's Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this consent order resolves the objection to the Amended Plan.

| | |
|---|---|
| */s/ Travis E. Menk* | */s/David William Hands* |
| Travis E. Menk | David William Hands |
| N.C. Bar No. 36246 | N.C. Bar No. |
| Attorneys for Creditor | Attorney for Debtor |
| 8757 Red Oak Blvd, Suite 150 | 3558 N. Davidson Street |
| Charlotte, NC 28217 | Charlotte, NC 28205 |

No Opposition:

*/s/Warren L. Tadlock*
Warren L. Tadlock
Trustee
5970 Fairview Road, Suite 650
Charlotte, NC 28210


| | |
|---|---|
| This Order has been signed electronically. | UNITED STATES BANKRUPTCY |
| The Judge's signature and Court's seal | COURT JUDGE |
| Appear at the top of the Order. | |