**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

ANTHONY JOSEPH GRIER,

          **DEBTOR**

CASE NO.  18-30555
CHAPTER 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**
**OR IN THE ALTERNATIVE ADEQUATE PROTECTION**

    U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-RF6 ("Creditor"), a secured creditor in the above-captioned case, hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay or in the alternative for adequate protection with respect to certain property having an address of 843 Arbor Hill Drive, Stone Mountain, Georgia 30088 (the "Property"), for all purposes allowed by the Note (defined below), the Security Deed (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Creditor respectfully states:

    1.    On or about April 12, 2018 (the "Petition Date"), ANTHONY JOSEPH GRIER (the "Debtor"), filed a petition under Chapter 13 of Title 11 of the U.S. Code.

    2.    This Court has jurisdiction to hear this matter and enter a final order pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362.

    3.    On or about June 12, 1995, Anthony J. Grier executed that certain Note in the original principal amount of $70,800.00 (the "Note"). A copy of the Note is attached hereto as Exhibit "A."

4.      Pursuant to that certain Security Deed recorded in the Dekalb County, GA Clerk of Court in Book 8640 at Page 574 (the "Security Deed"), all amounts owed under and with respect to the Note (the "Obligation") are secured by the Property. A copy of the Security Deed is attached hereto as Exhibit "B."

5.      Nationstar Mortgage, LLC services the Obligation. In the event the automatic stay is modified, this case dismisses, and/or the Debtor(s) obtain(s) a discharge and a foreclosure action is commenced on the Property, the foreclosure will be conducted in the name of  U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-RF6. Creditor is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan. Creditor, directly or through an agent, has possession of the Note.

6.      A Chapter 13 Plan was confirmed on August 29, 2018.

7.      The Plan requires the Debtor to make the monthly mortgage payments to Creditor pursuant to the terms of the Note.

8.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of December 1, 2020:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | October 1, 2020 | December 1, 2020 | $957.33 | $2,871.99 |
| | | Less partial payments (suspense balance): $933.06 | | |

**Total:  $1,938.93**

9.      A payment history is attached hereto as Exhibit "C."

10.      The estimated market value of the Property is $90,400.00.  The basis for such valuation is Schedule A.

11.    Upon information and belief, the payoff amount as of December 1, 2020 is $33,430.15.

12.    Cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because Creditor's interest in the Property is not adequately protected.

WHEREFORE, Creditor prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.    Relief from the stay for all purposes allowed by the Note, the Security Deed, and applicable law, including but not limited to allowing Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Security Deed.

2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.     Creditor specifically requests permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

4.    That Creditor be entitled to recover its reasonable fees and expenses incurred in connection with seeking the relief requested in this Motion.

5.    In the alternative, Creditor requests that this Court enter an order providing Creditor with adequate protection of its interests in the Property.

6.    For such other relief as the Court deems proper.

This is the  14th day of December, 2020

/s/ Neil D Jonas
Neil D Jonas
(Bar No. 31622)
Attorney for Creditor
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217

Telephone:  704-369-0676
Facsimile:  704-359-0760
E-Mail:  ncbkr@brockandscott.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.  18-30555** |
| **ANTHONY JOSEPH GRIER,** | **CHAPTER 13** |
| **DEBTOR** | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MOTION FOR RELIEF FROM AUTOMATIC STAY  AND NOTICE OF MOTION in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

ANTHONY JOSEPH GRIER
5426 DOLPHIN LN
CHARLOTTE, NC 28215

DAVID WILLIAM HANDS
HANDS LAW OFFICE, PLLC
3558 N. DAVIDSON STREET
CHARLOTTE, NC 28205

WARREN L. TADLOCK
5970 FAIRVIEW ROAD, SUITE 650
CHARLOTTE, NC 28210

This is the  14th day of December, 2020.

/s/ Neil D Jonas
Neil D Jonas
(Bar No. 31622)
Attorney for Creditor
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone:  704-369-0676
Facsimile:  704-359-0760
E-Mail:  ncbkr@brockandscott.com

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**IN RE:**

**ANTHONY JOSEPH GRIER,**
**DEBTOR**

**CASE NO.  18-30555**
**CHAPTER 13**

## NOTICE OF MOTION AND OPPORTUNITY FOR HEARING
{No Protest Motion Pursuant to 11 U.S.C. § 362}

### TO THE DEBTOR, DEBTOR'S ATTORNEY, TRUSTEE AND ALL PARTIES IN INTEREST

**THIS NOTICE IS HEREBY GIVEN** of a Motion for Relief from Automatic Stay filed simultaneously herewith in the above-captioned case, a copy of which is attached to herein, and;

**NOTICE IS FURTHER GIVEN** that this motion may be allowed pursuant to U.S.C. § 362(e) without a hearing or further notice provided no response and request for a hearing is made by the parties in interest in writing to the **U.S. Bankruptcy Court Clerk of Court at North Carolina - Western - Charlotte, 401 West Trade Street Room 111, Charlotte, NC 28202** within FOURTEEN (14) DAYS from the date of this notice, and;

**NOTICE IS FURTHER GIVEN** that if a response and request for a hearing is filed by a party in interest named herein, in writing within the time indicated, a hearing will be conducted in the **Charlotte Division of the U.S. Bankruptcy Court Western District of North Carolina, located North Carolina - Western - Charlotte, 401 West Trade Street Room C1-5, Charlotte, NC 28202 on January 12, 2021 at 9:30 AM.** If no response for a hearing is timely filed, this Court may rule on the Motion ex-parte without further notice. Any party requesting a hearing shall appear at the hearing in support of such an objection or may be assessed with costs of Court.

This is the  14th day of December, 2020

*/s/ Neil D Jonas*
Neil D Jonas
(Bar No. 31622)
Attorney for Creditor
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone:  704-369-0676
Facsimile:  704-359-0760
E-Mail:  ncbkr@brockandscott.com

# EXHIBIT "A"

JUN 1 5 1995

LOAN NO.

FHA CASE NO.

**STATE OF GEORGIA**

## FHA NOTE

June 12, 1995

843 ARBOR HILL DRIVE, STONE MOUNTAIN, GA 30088

[Property Address]

**1. PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means PINE STATE MORTGAGE CORPORATION, A GEORGIA CORPORATION and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of Seventy Thousand Eight Hundred Dollars and no/100 Dollars (U.S. $ 70,800.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Seven and One / Half percent ( 7.5000 %) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
(A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on August 1, 1995 . Any principal and interest remaining on the first day of July 2025 , will be due on that date, which is called the maturity date.
(B) Place
Payment shall be made at 6065 ROSWELL ROAD, SUITE 120, ATLANTA, GA 30328

or at such place as Lender may designate in writing by notice to Borrower.
(C) Amount
Each monthly payment of principal and interest will be in the amount of $ 495.04 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
(D) Allonge to this note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge                    ☐ Other [specify]

☐ Growing Equity Allonge

**5. BORROWER'S RIGHT TO PREPAY**
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.

**6. BORROWER'S FAILURE TO PAY**
(A) Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Five percent ( 5.0000 %) of the overdue amount of each payment.

FHA Case No.                    4/92

Copy

LOAN NO.

**(B) Default**
If Borrower defaults by failing to pay in full any monthly payment then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**
If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**
Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.
Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note. is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (SEAL)
A N T H O N Y   J.   G R I E R                    Borrower

_____ (SEAL)
                                                   Borrower

_____ (SEAL)
                                                   Borrower

_____ (SEAL)
                                                   Borrower

WITHOUT RECOURSE PAY TO THE ORDER OF

RESOURCE BANCSHARES
MORTGAGE GROUP, INC.

Pay to the Order of
NationsBanc Mortgage Corporation of New York

*Jeanne Motley*                              without recourse

**PINE STATE MORTGAGE CORPORATION**
**A GEORGIA CORPORATION**                    Resource Bancshares Mortgage Group, Inc.

JEANNE MOTLEY, SECRETARY                      *Deborah Farmer*
                                             DEBORAH FARMER, Assistant Secretary

PAY TO THE ORDER OF

WITHOUT RECOURSE
NationsBanc MORTGAGE CORPORATION

By *Daniel F. Hellams*
DANIEL F. HELLAMS
EXECUTIVE VICE PRESIDENT

FHA Case No.

Copy

**Bank of America** 

Loan Number: ███████

---

## Allonge to Promissory Note

For purposes of further endorsement of the following described Note, this Allonge is
affixed and becomes a permanent part of said Note.

Note Date:  June 12, 1995

Original Principal:  $70,800.00

Borrower(s):  ANTHONY J GRIER

Property Address:  843 ARBOR HILL DR,
STONE MOUNTAIN, GA 30088

PAY TO THE ORDER OF

Without Recourse

**Bank of America, N.A. ("as successor by merger to BA Mortgage,
LLC", a limited liability company as successor in interest by merger of
NationsBanc Mortgage Corporation")**

By: _____

Tron P. Nash, *Authorized Officer*

# EXHIBIT "B"

Copy

FILED & RECORDED
DEKALB CO. GA.

Aug 3   2 39 PM '95

CLERK OF SUPERIOR COURT
DEKALB COUNTY, GA.

**RETURN TO:**
MORRIS & SCHNEIDER, P.C.
2781 WHITLEY ROAD, ATLANTA, GA  30339

_____(Space Above This Line for Recording Data)_____

**STATE OF GEORGIA**                                          FHA CASE NO. ▮▮▮▮▮▮

# SECURITY DEED

**THIS SECURITY DEED** ("Security Instrument") is given on **12th** day of **June, 1995**. The Grantor is **ANTHONY J. GRIER** , whose address is **1285 WASHINGTON AVENUE, #6A, BRONX, NEW YORK 10456** ("Borrower"). This Security Instrument is given to **PINE STATE MORTGAGE CORPORATION**, which is organized and existing under the laws of the **THE STATE OF GEORGIA**, and whose address is  **6065 ROSWELL ROAD, SUITE 120, ATLANTA, GEORGIA  30328** ("Lender"). Borrower owes Lender the principal sum of **Seventy Thousand Eight Hundred and 00/100 DOLLARS (U.S. $70,800.00)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **July 1st, 2025**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest advanced under paragraph 6 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in **DEKALB County, Georgia:**

   **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**



GEORGIA INTANGIBLE TAX PAID
$ 213.00
Carol Jones-Webb
DeKalb County Clerk of Superior Court

which has the address of **843 ARBOR HILL DRIVE, STONE MOUNTAIN, GA 30088**
[Zip Code] ("Property Address");

**FHA Georgia** - Security Deed - **4/92**

BOOK **8640** PAGE **574**

Copy

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payments of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, an installment of any (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required by Paragraph 4.

Each monthly installment for items (a),(b), and (c) shall equal one-twelfth of the annual amounts, as reasonably estimated by Lender, plus an amount sufficient to maintain an additional balance of not more than one-sixth of the estimated amounts. The full annual amount for each item shall be accumulated by Lender within a period ending one month before an item would become delinquent. Lender shall hold the amounts collected in trust to pay items (a),(b), and (c) before they become delinquent.

If at any time the total of the payments held by Lender for items (a),(b), and (c), together with the future monthly payments for such items payable to Lender prior to the due dates of such items, exceeds by more than one-sixth the estimated amount of payments required to pay such items when due, and if payments on the Note are current, then Lender shall either refund the excess over one-sixth of the estimated payments or credit the excess over one-sixth of the estimated payments to subsequent payments by Borrower, at the option of Borrower. If the total of the payments made by Borrower for item (a),(b), or (c) is insufficient to pay the item when due, then Borrower shall pay to Lender any amount necessary to make up the deficiency on or before the date the item becomes due.

As used in this Security Instrument, "Secretary" means the Secretary of Housing and Urban Development or his or her designee. In any year in which the Lender must pay a mortgage insurance premium to the Secretary, each monthly payment shall also include either: (i) an installment of the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary. Each monthly installment of the mortgage insurance premium shall be in an amount sufficient to accumulate the full annual mortgage insurance premium with Lender one month prior to the date the full annual mortgage insurance premium is due to the Secretary, or if this Security Instrument is held by the Secretary, each monthly charge shall be in an amount equal to one-twelfth of one-half percent of the outstanding principal balance due on the Note.

If Borrower tenders to Lender the full payment of all sums secured by this Security Instrument, Borrower's account shall be credited with the balance remaining for all installments for Items (a),(b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a),(b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note;

Fifth, to late charges due under the Note.

FHA Georgia - Security Deed - **4/92**

BOOK**8640**PAGE**575**

Copy

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Secretary determines this requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the property if the property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee simple title shall not be merged unless Lender agrees to the merger in writing.

**6. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender, shall be immediately due and payable.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

Page 3 of 6          **FHA Georgia** - Security Deed - **4/92**

Copy

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

**(a) Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent) by the Borrower, and
(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note secured thereby not be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 9, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

FHA Georgia - Security Deed - 4/92

BOOK **8640** PAGE **577**

Copy

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9.b. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provisions or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of this Security Instrument.

**16. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 16.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Foreclosure Procedure. If Lender requires immediate payment in full of all sums under paragraph 9, Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.**

**Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees; (b) to all sums secured by this Security**

FHA Georgia - Security Deed - 4/92

BOOK **8640** PAGE **578**

Copy

Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

**If the property is sold pursuant to this paragraph 17, Borrower or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.**

**18. Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**19. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**20. Assumption Not a Novation.**  Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**21. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**22. Riders to this Security Instrument.**  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.  {Check applicable box(es)}

[] **Condominium Rider**                                    [] **Graduated Payment Rider**

[] **Planned Unit Development Rider**              [] **Growing Equity Rider**

[XX] **Other [Specify] FHA RIDER, REHAB RIDER;
WAIVER OF BORROWER'S RIGHTS AND CLOSING ATTORNEY'S AFFIDAVIT**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____(Seal)
ANTHONY J. GRIER
Borrower

_____
Unofficial Witness

_____(Seal)
Borrower

_____
Notary Public

_____(Seal)
Borrower

_____(Seal)
Borrower

BOOK 8640 PAGE 579

Copy

## EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 1 of the 16th District, Dekalb County, Georgia, being Lot 39, Block A, of the Arbor Hills Subdivision, as per plat recorded in Plat Book 79, Page 107, DeKalb County, Georgia Records, which plat is incorporated herein and made a part hereof by reference for a more detailed description.

BOOK 8640 PAGE 580

Copy

FHA Case No.
████████████

# REHABILITATION LOAN RIDER

THIS REHABILITATION LOAN RIDER is made this        12        day of    JUNE        ,
1995 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust
or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure
Borrower's Note to    PINE STATE MORTGAGE CORPORATION

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

843 ARBOR HILL DRIVE, STONE MOUNTAIN, GEORGIA  30088

[Property Address]

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.   Loan proceeds are to be advanced for the premises in accordance with the Rehabilitation Loan
Agreement dated      JUNE 12, 1995        , between Borrower and Lender. This
agreement is incorporated by reference and made a part of this Security Instrument. No advances
shall be made unless approved by a Direct Endorsement Underwriter or the Assistant Secretary of
Housing - Federal Housing Commission, Department of Housing and Urban Development.

B.   If the rehabilitation is not properly completed, performed with reasonable diligence, or is
discontinued at any time except for strikes or lockouts, the lender is vested with full authority to
take the necessary steps to protect the rehabilitation improvements and property from harm,
continue existing contracts or enter into necessary contracts to complete the rehabilitation. All sums
expended for such protection, exclusive of the advances of the principal indebtedness, shall be
added to the principal indebtedness, and secured by the Security Instrument and be due and payable
on demand with interest as set out in the Note.

C.   If Borrower fails to make any payment or to perform any obligation under the loan, including the
commencement, progress and completion provisions of the Rehabilitation Loan Agreement, and
such failure continues for a period of 30 days, the loan shall, at the option of Lender, be in default.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Rehabilitation Loan Rider.

_____ (Seal)          _____ (Seal)
ANTHONY J GRIER          -Borrower                              -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                              -Borrower

_____

FHA Multistate Rehabilitation Loan Rider - 12/91

VMP -588 (9201)          VMP MORTGAGE FORMS - (800)521-7291          Printed on Recycled Paper

BOOK **8640** PAGE **581**

Copy

## ASSIGNMENT

FILED & RECORDED
DEKALB CO. GA.

Aug 3   2 39 PM '95

CLERK OF SUPERIOR COURT
DEKALB COUNTY, GA.

STATE OF GEORGIA

COUNTY OF FULTON

FOR VALUE RECEIVED, ___PINE STATE MORTGAGE CORPORATION___

hereby sells, assigns, transfers, sets over and conveys unto __RESOURCE BANCSHARES MORTGAGE GROUP, INC__

___7909 PARKLANE ROAD, COLUMBIA, SOUTH CAROLINA 29223___

its successors or assigns, that certain Deed to Secure Debt, dated___JUNE 12___, 19 _95_

executed by___ANTHONY J GRIER___

and filed and recorded in Deed Book ___8640___, Page ___574___, in the Office of the

Superior Court of ___DEKALB___, County, Georgia, together with the real property

therein described, and also the indebtedness described in said Deed, and secured thereby, the notes

evidencing said indebtness having this day been transferred and assigned to the said._____

___RESOURCE BANCHSARES MORTGAGE GROUP, INC___ together with all rights, title and interest in and to

the said Deed, the property therein described and the indebtedness thereby secured, and the said

___RESOURCE BANCSHARES MORTGAGE GROUP, INC___ is hereby subrogated to all of

the rights, powers, and privileges and securities vested in PINE STATE MORTGAGE CORPORATION

under and by virture of the aforesaid Deed to Secure Debt.

WITNESS my hand and seal this ___12TH___ day of ___JUNE___, 19 _95_.

Signed, sealed and delivered
in the presence of:

_____
Witness

_____
Notary Public    MARTI MOODY
MY COMMISSION EXPIRES: 9-22-95

JEANNE MOTLEY SECRETARY
PINE STATE MORTGAGE CORPORATION

BOOK 8640 PAGE 582

Copy

FILED AND RECORDED THIS
_11_ DAY OF _Oct_, 19 _96_
AT _12:19_ _P_ .M.

Prepared by & return to:
DAVIW
Resource Bancshares Mortgage Group, Inc.
7909 Parklane Road Suite 150 Columbia SC 29223-0000
1(800)933-2890 EXT  4718

**CLERK OF SUPERIOR COURT**
**DEKALB COUNTY, GEORGIA**

STATE OF GEORGIA
COUNTY OF  DEKALB

LOAN #:
POOL #:
RBMG LOAN #:

### ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Resource Bancshares Mortgage Group, Inc.
A Delaware Corporation
7909 Parklane Road Suite 150 Columbia SC 29223-0000
party of the first part, does hereby grant, bargain, sell, assign, transfer and set over unto
NationsBanc Mortgage Corp. of New York        whose mailing
address is    205 Park Club Lane PO Box 9000 Buffalo NY 14231-9000

party of the second part, a certain security deed bearing the date  06/12/95 , executed by
ANTHONY J. GRIER

and recorded in Book/ 8640     , Doc./       Page/ 574    , in the Office of the
Clerk of Superior Court of DEKALB          County, Georgia on  08/03/95

Legal Description:
NOT REQUIRED BY COUNTY

Together with the note or obligation described in said Security Deed, and the monies due and to
become due thereon.

To Have and to Hold the same unto the said party of the second part, heirs, legal representatives,
successors and caused these presents to be executed in its name, and its corporate seal to be hereunto
affixed, by its proper officer(s) thereunto duly authorized.

WITNESS my hand and official seal in Richland       County,
South Carolina          this  October 17, 1996

Signed, sealed and delivered
in the presence of :

_G/A. Wilson_

_Robin Rogers_

Resource Bancshares Mortgage Group, Inc.

_Debra Miller_
Assistant Vice President

09/18/1996 NTF208/96A 12/95

SEAL
1992
DELAWARE

_Ruth C. Hinson_
Ruth C. Hinson
Notary Public
My Commission Expires:  09/26/99

RUTH C. HINSON
NOTARY
PUBLIC
SOUTH CAROLINA

GEORGIA, DEKALB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGO-
ING TO BE A TRUE, CORRECT AND COMPLETE
COPY OF THE ORIGINAL THAT APPEARS OF
RECORD IN
DEED BOOK _9175_ PAGE _17_ , IN THIS
OFFICE
This _18th_ DAY OF _Oct._ , 19 _96_
_Laverne Trenstall_
DEPUTY CLERK, DEKALB SUPERIOR
COURT DEKALB COUNTY, GEORGIA

BOOK**9175**PAGE**017**

STONE MOUNTAIN JUDICIAL CIRCUIT
SUPERIOR COURT
DEKALB COUNTY GA

Copy

Deed Book 17306 Pg 619
Filed and Recorded Apr-12-2005 12:10pm
2005-0077681
Linda Carter
Clerk of Superior Court
Dekalb County, Georgia

LOAN NUMBER ███████

## ASSIGNMENT OF MORTGAGE

DATE: DECEMBER 16, 2004

Ln # ████████
MIN ████████████
VRU # 1-888-679-6377

OWNER AND HOLDER OF THE MORTGAGE ("HOLDER"): Bank of America, N.A. ("as successor by merger to BA Mortgage, LLC", a limited liability company as successor in interest by merger of NationsBanc Mortgage Corporation")

ASSIGNEE: Mortgage Electronic Registration Systems, Inc.
G 4318 Miller Road, Flint, MI 48507

THE MORTGAGE IS DESCRIBED AS FOLLOWS:
DATE: June 12, 1995
ORIGINAL AMOUNT: $70,800.00
BORROWER (S): ANTHONY J GRIER

When Recorded Return to:
Aurora Loan Services
601 5th Avenue
P.O. Box 1706
Scottsbluff, NE 69363-1706
Attn: Assignment Prep Carol Miller

MORTGAGE RECORDED OR FILED ON _8-3-1995_
AS INSTRUMENT / DOCUMENT NO. _n/a_
IN BOOK _8640_ , PAGE _574_
OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OR CLERK'S
OFFICE OF DE KALB COUNTY, GA
address: 843 Arbor Hill Drive, Stone Mountain, GA 30088

FOR VALUE RECEIVED, HOLDER SELLS, TRANSFERS, ASSIGNS, GRANTS AND CONVEYS THE MORTGAGE AND THE NOTE DESCRIBED THEREIN, ALL OF HOLDER'S RIGHTS, TITLES AND INTERESTS IN THE MORTGAGE AND NOTE, AND ALL OF HOLDER'S TITLE AND INTEREST IN THE PROPERTY TO ASSIGNEE AND ASSIGNEE'S SUCCESSORS AND ASSIGNS, FOREVER.

WHEN THE CONTEXT REQUIRES, SINGULAR NOUNS AND PRONOUNS INCLUDE THE PLURAL.

IN WITNESS WHEREOF, HOLDER HAS CAUSED THESE PRESENTS TO BE SIGNED BY ITS DULY AUTHORIZED OFFICER (S) AND TO BE ATTESTED, AS MAY BE REQUIRED.

**Bank of America, N.A. ("as successor by merger to BA Mortgage, LLC", a limited liability company as successor in interest by merger of NationsBanc Mortgage Corporation")**

BY: _Alma Caballero_　ATTEST: _Linda Bennight_
ALMA CABALLERO, OFFICER　　　WITNESS: LINDA BENNIGHT

STATE OF TEXAS
COUNTY OF DALLAS

ALMA CABALLERO, AN AUTHORIZED OFFICER, OF Bank of America, N.A. ("as successor by merger to BA Mortgage, LLC", a limited liability company as successor in interest by merger of NationsBanc Mortgage Corporation") ACKNOWLEDGED THIS INSTRUMENT BEFORE ME THIS DECEMBER 16TH, 2004, ON BEHALF OF SAID CORPORATION.

_Esmeralda Gonzalez_
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS
MY COMMISSION EXPIRES:



ESMERALDA GONZALEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 10-01-05

When Recorded Return To:
Nationstar Mortgage LLC
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

DEED BOOK **24066** Pg **480**

Filed and Recorded:
**10/7/2013 4:08:04 PM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

## ASSIGNMENT OF SECURITY DEED

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WHOSE ADDRESS IS PO BOX 2026, FLINT, MI, 48501, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 (469)549-2000.**

Said Security Deed is executed by **ANTHONY J. GRIER** to **PINE STATE MORTGAGE CORPORATION** and recorded in Deed Book 8640, Page 574, and/or as Instrument # in the office of the Clerk of the Superior Court of DE KALB County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on _9 / 26_/2013 (MM/DD/YYYY).
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _Deborah Turner-Bey_
Deborah Turner-Bey   ASST. SECRETARY

And: _____
Tyler Driver   ASST. SECRETARY
All Authorized Signatories whose signatures appear above are employed by NTC and have reviewed this document and supporting documentation prior to signing.

_____
Daniel Thompson   Witness

_____
Jessica Sheetz   Witness

STATE OF FLORIDA   COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on _9 / 26_/2013 (MM/DD/YYYY), by Deborah Turner-Bey and Tyler Driver as ASST. SECRETARY and ASST. SECRETARY, respectively for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., who, as such ASST. SECRETARY and ASST. SECRETARY, respectively being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
...MERS PHONE 1-888-679-6377  DOCR



DEED BOOK **25466** Pg **194**

Filed and Recorded:
**3/28/2016 10:06:05 AM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

Recording Requested By: Nationstar Mortgage
When Recorded Return To: DOCUMENT ADMINISTRATION, Nationstar Mortgage 8950 CYPRESS WATERS
BLVD, COPPELL, TX 75019

### CORPORATE ASSIGNMENT OF SECURITY DEED

DeKalb, Georgia
**SELLER'S SERVICING** ██████ "GRIER"
**SELLER'S LENDER ID#: AQR**
**POOL #: AQR**

Date of Assignment: March 16th, 2016
Assignor: NATIONSTAR MORTGAGE LLC at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET SECURITITES
CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-RF6 at 425 WALNUT STREET,
CINCINNATI, OH 45202

Executed By: ANTHONY J. GRIER To: PINE STATE MORTGAGE CORPORATION
Date of Security Deed: 06/12/1995 Recorded: 08/03/1995 in Book/Reel/Liber: 8640 Page/Folio: 574 in the County
of DeKalb, State of Georgia.

Property Address: 843 ARBOR HILL DRIVE, STONE MOUNTAIN, GA 30088

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Security Deed having an original principal sum of $70,800.00 with interest, secured thereby, and the full benefit of all
the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Security Deed.

TO HAVE AND TO HOLD the said Security Deed, and the said property unto the said Assignee forever, subject
to the terms contained in said Security Deed.

NATIONSTAR MORTGAGE LLC
On March 16th, 2016

By: _____
MOHAMED HAMEED, Assistant
Secretary

THE FOLLOWING PERSONS HAVE WITNESSED THE EXECUTION OF THIS DOCUMENT:

WITNESS

_____
Valencia Metcalf

DEED BOOK  25466 Pg 195
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

CORPORATE ASSIGNMENT OF SECURITY DEED Page 2 of 2

NOTARY WITNESS

Colleen Barnett

COLLEEN BARNETT
Notary Public, State of Texas
Comm. Expires 11-30-2019
Notary ID 130453613

STATE OF Texas
COUNTY OF Dallas

Subscribed and sworn to (or affirmed) before me on March 16th, 2016, by MOHAMED HAMEED , proved to me on
the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal,

COLLEEN BARNETT
Notary Expires: 11/30/2019  #130453613

COLLEEN BARNETT
Notary Public, State of Texas
Comm. Expires 11-30-2019
Notary ID 130453613

(This area for notarial seal)

# EXHIBIT "C"

## Motion For Relief Information
### Post-Petition Ledger

| Filed By: | nony Joseph Gr 0 | Payment Changes | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number: | 18-30555 | From Date | To Date | Total Amount | P&I Total | Escrow Total | Interest Rate Change |
| Filing Date: | 01/00/00 | | | | | | |
| ayments in POC | $1,485.12 | | | | | | |
| st Post Due Dat | 05/01/18 | | | | | | |

| Date | Amount Received | Applied To | Post Petition Amount Due | Post Suspense Balance | Comments | Applied (P&I and | Escrow Applied | Fees/Costs/Corp Applied | Payment Suspense | Suspense Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $ - | | | | | $ - | $ - |
| | | | | $ - | | | | | $ - | $ - |
| | | | | $ - | | | | | $ - | $ - |
| 04/17/18 | $ 848.88 | 05/01/18 | $ 758.22 | $ 90.66 | | | | | $ 848.88 | $ 848.88 |
| 04/17/18 | $ 848.88 | 06/01/18 | $ 758.22 | $ 181.32 | | | | | $ 848.88 | $ 1,697.76 |
| 04/18/18 | | | | $ 181.32 | | $ 848.88 | | | $ (848.88) | $ 848.88 |
| 04/18/18 | | | | $ 181.32 | | $ 848.88 | | | $ (848.88) | $ - |
| 09/05/18 | $ 0.46 | | | $ 181.78 | | | | | $ 0.46 | $ 0.46 |
| 09/28/18 | $ 848.88 | 07/01/18 | $ 758.22 | $ 272.44 | | | | | $ 848.88 | $ 849.34 |
| 10/02/18 | $ 1.50 | | | $ 273.94 | | | | | $ 1.50 | $ 850.84 |
| 10/31/18 | $ 848.88 | 08/01/18 | $ 758.22 | $ 364.60 | | | | | $ 848.88 | $ 1,699.72 |
| 11/01/18 | | | | $ 364.60 | | $ 848.88 | | | $ (848.88) | $ 850.84 |
| 11/08/18 | $ 1.58 | | | $ 366.18 | | | | | $ 1.58 | $ 852.42 |
| 12/07/18 | $ 1.54 | | | $ 367.72 | | | | | $ 1.54 | $ 853.96 |
| 12/31/18 | $ 74.78 | | | $ 442.50 | | | | | $ 74.78 | $ 928.74 |
| 12/31/18 | $ 74.78 | | | $ 517.28 | | | | | $ 74.78 | $ 1,003.52 |
| 12/31/18 | $ 79.78 | | | $ 597.06 | | | | | $ 79.78 | $ 1,083.30 |
| 12/31/18 | $ 102.86 | | | $ 699.92 | | | | | $ 102.86 | $ 1,186.16 |
| 12/31/18 | $ 103.86 | | | $ 803.78 | | | | | $ 103.86 | $ 1,290.02 |
| 12/31/18 | $ 74.78 | 09/01/18 | $ 816.40 | $ 62.16 | | | | | $ 74.78 | $ 1,364.80 |
| 12/31/18 | $ 74.78 | | | $ 136.94 | | | | | $ 74.78 | $ 1,439.58 |
| 01/04/19 | $ 1.38 | | | $ 138.32 | | | | | $ 1.38 | $ 1,440.96 |
| 01/28/19 | $ 40.92 | | | $ 179.24 | | | | | $ 40.92 | $ 1,481.88 |
| 01/28/19 | $ 74.78 | | | $ 254.02 | | | | | $ 74.78 | $ 1,556.66 |
| 01/28/19 | $ 74.78 | | | $ 328.80 | | | | | $ 74.78 | $ 1,631.44 |
| 01/28/19 | $ 74.78 | | | $ 403.58 | | | | | $ 74.78 | $ 1,706.22 |
| 01/28/19 | | | | $ 403.58 | | $ 848.88 | | | $ (848.88) | $ 857.34 |
| 01/28/19 | $ 189.56 | | | $ 593.14 | | | | | $ 189.56 | $ 1,046.90 |
| 01/28/19 | $ 84.78 | | | $ 677.92 | | | | | $ 84.78 | $ 1,131.68 |
| 01/28/19 | $ 38.92 | | | $ 716.84 | | | | | $ 38.92 | $ 1,170.60 |
| 01/28/19 | $ 38.92 | | | $ 755.76 | | | | | $ 38.92 | $ 1,209.52 |
| 01/28/19 | $ 38.92 | | | $ 794.68 | | | | | $ 38.92 | $ 1,248.44 |
| 01/28/19 | $ 43.92 | 10/01/18 | $ 816.40 | $ 22.20 | | | | | $ 43.92 | $ 1,292.36 |
| 01/28/19 | $ 38.92 | | | $ 61.12 | | | | | $ 38.92 | $ 1,331.28 |
| 01/28/19 | $ 38.92 | | | $ 100.04 | | | | | $ 38.92 | $ 1,370.20 |
| 02/06/19 | $ 1.30 | | | $ 101.34 | | | | | $ 1.30 | $ 1,371.50 |
| 03/05/19 | $ 1.29 | | | $ 102.63 | | | | | $ 1.29 | $ 1,372.79 |
| 04/02/19 | $ 4.49 | | | $ 107.12 | | | | | $ 4.49 | $ 1,377.28 |
| 05/08/19 | $ 4.49 | | | $ 111.61 | | | | | $ 4.49 | $ 1,381.77 |
| 05/31/19 | $ 848.88 | | | $ 960.49 | | | | | $ 848.88 | $ 2,230.65 |
| 06/03/19 | | 11/01/18 | $ 816.40 | $ 144.09 | | $ 773.14 | | | $ (773.14) | $ 1,457.51 |
| 06/04/19 | $ 4.46 | | | $ 148.55 | | | | | $ 4.46 | $ 1,461.97 |
| 07/02/19 | $ 4.49 | | | $ 153.04 | | | | | $ 4.49 | $ 1,466.46 |
| AO ENTERED | | | | $ - | | | | | $ - | $ 1,466.46 |
| 09/13/19 | $ 848.00 | | | $ 848.00 | | | | | $ 848.00 | $ 2,314.46 |
| 09/16/19 | | | | $ 848.00 | | $ 758.22 | | | $ (758.22) | $ 1,556.24 |
| 09/16/19 | | | | $ 848.00 | | $ 758.22 | | | $ (758.22) | $ 798.02 |
| 09/19/19 | $ 848.00 | 08/01/19 | $ 866.65 | $ 829.35 | | | | | $ 848.00 | $ 1,646.02 |
| 09/20/19 | | | | $ 829.35 | | $ 758.22 | | | $ (758.22) | $ 887.80 |
| 09/25/19 | $ 848.00 | 09/01/19 | $ 866.65 | $ 810.70 | | | | | $ 848.00 | $ 1,735.80 |
| 09/26/19 | | | | $ 810.70 | | $ 758.22 | | | $ (758.22) | $ 977.58 |
| 10/31/19 | $ 816.00 | 10/01/19 | $ 866.65 | $ 760.05 | | | | | $ 816.00 | $ 1,793.58 |
| 11/01/19 | | | | $ 760.05 | | $ 816.40 | | | $ (816.40) | $ 977.18 |
| 11/06/19 | $ 1,000.00 | 11/01/19 | $ 866.65 | $ 893.40 | | | | | $ 1,000.00 | $ 1,977.18 |
| 11/07/19 | | 12/01/19 | $ 866.65 | $ 26.75 | | $ 816.40 | | | $ (816.40) | $ 1,160.78 |
| 12/26/19 | $ 820.00 | | | $ 846.75 | | | | | $ 820.00 | $ 1,980.78 |
| 12/27/19 | | | | $ 846.75 | | $ 816.40 | | | $ (816.40) | $ 1,164.38 |
| 01/02/20 | $ 822.00 | 01/01/20 | $ 866.65 | $ 802.10 | | | | | $ 822.00 | $ 1,986.38 |
| 01/03/20 | | | | $ 802.10 | | $ 816.40 | | | $ (816.40) | $ 1,169.98 |
| 01/31/20 | $ 825.00 | 02/01/20 | $ 866.65 | $ 760.45 | | | | | $ 825.00 | $ 1,994.98 |
| 02/03/20 | | | | $ 760.45 | | $ 816.40 | | | $ (816.40) | $ 1,178.58 |
| 02/18/20 | | | | $ 760.45 | | $ 816.40 | | | $ (816.40) | $ 362.18 |
| 03/02/20 | $ 825.00 | 03/01/20 | $ 866.65 | $ 718.80 | | | | | $ 825.00 | $ 1,187.18 |
| 03/13/20 | | | | $ 718.80 | | $ 816.40 | | | $ (816.40) | $ 370.78 |
| 03/24/20 | $ 826.00 | 04/01/20 | $ 866.65 | $ 678.15 | | | | | $ 826.00 | $ 1,196.78 |
| 04/15/20 | | | | $ 678.15 | | $ 816.40 | | | $ (816.40) | $ 380.38 |
| 04/16/20 | $ 840.63 | 05/01/20 | $ 866.65 | $ 652.13 | | | | | $ 840.63 | $ 1,221.01 |
| 04/17/20 | | | | $ 652.13 | | $ 816.40 | | | $ (816.40) | $ 404.61 |
| 05/12/20 | $ 866.65 | 06/01/20 | $ 866.65 | $ 652.13 | | | | | $ 866.65 | $ 1,271.26 |

| Date | | Date | | Amount | |
|---|---|---|---|---|---|
| 05/13/20 | | | | $ 652.13 | |
| 06/03/20 | $ 866.65 | 07/01/20 | $ 957.33 | $ 561.45 | |
| 06/04/20 | | | | $ 561.45 | |
| 07/01/20 | $ 957.33 | 08/01/20 | $ 957.33 | $ 561.45 | |
| 07/02/20 | | | | $ 561.45 | |
| 08/05/20 | | | | $ 561.45 | |
| 08/17/20 | $ 866.65 | 09/01/20 | $ 957.33 | $ 470.77 | |
| 09/18/20 | $ 462.29 | | | $ 933.06 | |
| 09/21/20 | | | | $ 933.06 | |
| | | | | $ 933.06 | |
| | | | | $ 933.06 | |
| | | | | $ 933.06 | |
| | | | | $ 933.06 | |
| | | | | $ 933.06 | |

| | | | | |
|---|---|---|---|---|
| $ 816.40 | | | $ (816.40) | $ 454.86 |
| | | | $ 866.65 | $ 1,321.51 |
| $ 866.65 | | | $ (866.65) | $ 454.86 |
| | | | $ 957.33 | $ 1,412.19 |
| $ 866.65 | | | $ (866.65) | $ 545.54 |
| $ 866.65 | | | $ (866.65) | $ (321.11) |
| | | | $ 866.65 | $ 545.54 |
| | | | $ 462.29 | $ 1,007.83 |
| $ 866.65 | | | $ (866.65) | $ 141.18 |
| | | | $ - | $ 141.18 |
| | | | $ - | $ 141.18 |
| | | | $ - | $ 141.18 |
| | | | $ - | $ 141.18 |
| | | | $ - | $ 141.18 |